### PASHA et ux. v. SCHELL et ux.
#### No. 15126.

Court of Civil Appeals of Texas. Fort Worth.

April 21, 1950.

Rehearing Denied May 19, 1950.

Thomas Burrus and Allen Melton, both of Dallas, for appellants.

Eades & Eades, and Eric Eades, Jr., all of Dallas, for appellees.

McDONALD, Chief Justice.

■ Appellants, who were defendants in the trial court, claim to be the owners of all of a tract of land in the City of Dallas which it is sufficient here to designate as Lot 7. Appellees, who were plaintiffs in the trial court, own Lot 8, which adjoins Lot 7 on the east. Both lots face south. In this suit appellees seek to establish title by limitation to a portion of Lot 7 which may briefly be described as follows: Beginning at the southeast corner of Lot 7, which is also the southwest corner of Lot 8, thence north along the boundary line between the two lots a distance of 112.4 feet, thence in a direction slightly west of south to a point in the south line of Lot 7, 2.6 feet west of the southeast corner of Lot 7, thence to the southeast corner of Lot 7, the place of beginning. In a non-jury trial judgment was rendered awarding title to the disputed strip of land to appellees. Separate findings of fact and conclusions of law were neither filed nor requested, so we are required to examine the evidence in the light most favorable to the judgment, and to affirm the judgment if it can be upheld under any theory supported by the pleadings and the evidence.

The applicable statute of limitations is Article 5510, often referred to as the ten year statute. The evidence, giving it the interpretation favorable to appellees which the law requires, is sufficient to show, among other things, the following: Appellees acquired Lot 8 in 1921. At that time there was a house and a garage on the lot. Appellees have used and occupied the premises and have used the garage since they acquired the property. At the time they acquired the property, and until about four or five years before the trial, there was a wooden fence beginning at the southwest corner of the garage, which was at or within a few inches of the west line of Lot 8, and extending southerly a distance of about thirty feet. This fence was torn down some four or five years before the trial by appellants, and appellants built, within a few inches of the same location, a steel fence. About eighteen years before the trial, appellees dug out the dirt in a driveway from the front of the lot to the entrance of the garage, and filled the excavated area with crushed stone and gravel, and maintained and used the driveway thus made continuously thereafter up to the time of trial. The west edge of the driveway lay along the line which ran from the southwest corner of the garage to the point on the south line of Lot 7, mentioned above, which was 2.6 feet west of the southeast corner of Lot 7. In other words, for eighteen years before the trial the triangular strip in dispute has been in the graveled driveway which was constructed and for eighteen years has been used and maintained by appellees. It is the claim of appellees, and apparently the trial court based his judgment on the theory, that appellees' possession and use of this strip was of such adverse character as to mature a limitation title under the ten year statute.

■■ Appellants contend that the evidence shows without dispute that the owners and occupants of both lots used the disputed area all during the time in question, and that appellees' possession and use was therefore not of such exclusive nature as to render it adverse within the meaning of Articles 5510 and 5515. They say that appellees' use of the disputed area was permissive, and not adverse. It would serve no good purpose to set out the evidence in detail in this opinion. It was conflicting, and would have supported a verdict or finding either way. There was a driveway on Lot 7, adjoining on the west the graveled driveway which has been described, but there is evidence sufficient to show that it was not improved in any way with gravel or other type of surfacing material, and that there was a definite line of demarcation between the two driveways. The evidence supports the conclusion that the owners of the respective lots thought for many years that the west edge of the gravel driveway was the true line between the two lots, and it also supports the conclusion that appellees claimed to the west edge of the graveled driveway. As already said, the evidence is conflicting, but we are required to accept as true the evidence which tends to support the judgment of the trial

court. He was the trier of the facts, and it was within his province to judge of the credibility of the witnesses.

We have no quarrel with appellants' proposition of law, which is to the effect that joint use and occupation of the disputed premises by appellees and appellants could not ripen into a limitation title, but the factual basis upon which their proposition is based is destroyed by the implied findings of the trial court on conflicting evidence.

Appellees' claim of limitation title is not defeated by their testimony to the effect that they thought that the west line of the driveway was the true boundary line. 2 Tex.Jur., p. 125, and authorities there cited. Nor is the evidence such as to show without dispute that appellees' possession and use of the strip was merely permissive.

In Catching v. Bogart, Tex.Civ.App., 138 S.W.2d 245, 248, writ refused, the controversy arose by reason of the fact that an old fence did not follow the true boundary line. One of the parties claimed title by limitation to the land enclosed by the fence, and the jury found in his favor. The other party contended on appeal that there was no evidence that the possession of the prevailing party was adverse. The following portion of the opinion of the court may well be applied to the situation before us: "There is not any testimony in the record to show that any of the owners of any of the lands involved, prior to the time appellant purchased his land, ever had any knowledge that the fence in question was not the division line between the lands, and so far as the record shows such knowledge was only obtained by the appellant upon his having the land surveyed in 1937 by the County Surveyor of Hale County, which was some two years after the appellant purchased his land in 1935. Under all the facts and circumstances of this case it is our opinion that the testimony was sufficient to support the finding of the jury on the issue of adverse possession in favor of the appellee as set out above."

Appellants contend that the court erred in admitting certain testimony to the effect that there was not enough room for an automobile to pass between the west side of appellees' house and the true boundary line, saying that the purpose of such testimony was to prove an easement by prescription when there was no pleading to support such a claim. The judgment was to the effect that appellees recover title to the strip of land, not merely an easement therein. We do not see reversible error under this point.

The judgment of the trial court is affirmed.