## LILES v. SAWYER.
### No. 4876.

Court of Civil Appeals of Texas. Beaumont.
April 9, 1953.

Samuel C. Lipscomb, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

PER CURIAM.

This is an appeal from a judgment in favor of appellee Ethel Sawyer and against appellant C. M. Liles, in a trespass to try title action in the district court of Jefferson County.

It was stipulated by the parties that appellant has full record title to the property involved "unless the same is defeated by the statute of limitation of ten years asserted by the defendant." The case was submitted to a jury, whose verdict on the question of limitation was in favor of the appellee, the defendant in the trial court. After the appellant's motion for judgment non obstante veredicto was overruled by the court, judgment was entered on the verdict for the defendant, the appellee here. After the appellant's motion for new trial was overruled, he has duly perfected his appeal.

The facts are not seriously in dispute. In 1932, Mrs. Sawyer, the appellee, and her husband now deceased, purchased Lot 43 in Block 4 of Calder Addition to the City of Beaumont, in Jefferson County. Prior to the purchase, Mrs. Sawyer went on the ground with the seller, who pointed out to her a certain definite line on the ground, consisting of two types of hedges, as being the north boundary line of Lot 43, which she was purchasing. This was the line in dispute here, and in fact was over on the lot of appellant, Lot 44, which adjoins Lot 43. Mrs. Sawyer, after purchasing Lot 43, went into actual possession of and continuously used for a period of more than ten years a tract of land which was bounded on the north by this line of hedges and which included Lot 43, which she purchased, and the small tract adjacent to it, over to the hedges on Lot 44. Sometime after the purchase of Lot 43, the line of hedges was taken up and a lily bed was planted along the same line previously occupied by the hedges. From the time when she first purchased Lot 43 and went into possession of it and the small tract bounded by the hedges, she claimed as her property this entire tract of land up to the lily bed line. We believe that under all the evidence, it is undisputed that she had met all the requirements of the ten-year statute of limitations as to the disputed tract of land, except for the question of whether she had been claiming ownership of the land in controversy. The fact that she mistakenly believed that such disputed tract was a portion of the lot to which she had taken record title, but still used and enjoyed it as her own, is sufficient to support the jury's finding on the fact issue raised by that evidence. This finding was in her favor. The fact that she testified on the trial that she wanted only the land which she had bought, and that she had bought what was "shown by her lines", (meaning the lines she had

drawn on a map which included that disputed tract) does not have the effect of determining as a matter of law that she was not claiming adversely the tract which was included in her deed. This served only to raise a fact issue for the jury as to her claim of ownership. This is true, even when a claimant testifies at one time on a trial that he is claiming only the land which he got by virtue of a deed, and at another explains or alters his testimony and says that he is claiming also such land as he has been using and occupying. See Pearson v. Doherty, 143 Tex. 64, 183 S.W. 2d 453; Peveto v. Herring, Tex.Civ.App., 

198 S.W.2d 921; Jayne v. Hanna, Tex.Civ. App., 51 S.W. 296; Daughtrey v. New York & Texas Land Co., Tex.Civ.App., 61 S.W. 947; Major v. Meyers, Tex.Civ.App., 111 S.W.2d 1184; Bruce v. Washington, 80 Tex. 368, 15 S.W. 1104; McCabe v. Moore, Tex.Civ.App., 38 S.W.2d 641; Foster v. Woodward, Tex.Civ.App., 134 S.W. 2d 417.

 We believe that the law is well settled, and that the evidence as to the nature of Mrs. Sawyer's claim was sufficient to support the verdict and judgment.

The judgment of the trial court is affirmed.