**Jewel PAYNE et vir, Appellants,**

v.

**O. H. PRIDDY et ux., Appellees.**

No. 16457.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 18, 1963.

Wayne Somerville, Wichita Falls, for appellants.

J. Earle Kuntz, Wichita Falls, for appellees.

RENFRO, Justice.

Plaintiffs Jewel Payne and husband brought suit in trespass to try title to Lot 10, Block 14, Fairview Addition to the City of Wichita Falls. O. H. Priddy and wife were named defendants.

Plaintiffs were record owners of Lot 10 and defendants were record owners of Lot 11.

Actually the lawsuit involved a tapering strip, two feet at its widest point, on the side of Lot 10 adjacent to Lot 11.

Defendants pleaded not guilty, and claimed said strip by reason of the 10 year statute of limitation.

Judgment was entered for defendants.

In his findings of fact the court found that Jack L. Cox bought a house and lot described as Lot 11 on November 14, 1949; Lot 11 was surveyed on July 28, 1949, and

again in May, 1950; Cox and wife moved onto Lot 11 immediately after purchasing same and in May, 1950 fenced and enclosed Lot 11 with a permanent type chain link fence which was never changed and was still in place and use as of the time of trial; despite his precaution the fence erected by Cox encroached on Lot 10 by about 18 to 24 inches; Cox openly, adversely and notoriously used all the land enclosed by his fence and claimed all the land enclosed thereby as his own property; on October 12, 1956, Cox conveyed to defendants Priddy and wife said Lot 11, together with all improvements thereon situated; the defendants took immediate possession and continued to live thereon, exercising all rights of ownership up to time of trial, and continued the open, adverse and notorious use of all the land enclosed by the fence, claiming the same as their own; in 1961 and 1962 plaintiffs had Lot 10 surveyed and the error in the 1949 and 1950 surveys was discovered.

Plaintiffs filed the instant suit on December 27, 1961, a period of more than ten years after the erection of the fence.

Under the heading, "Points upon which appeal is based", plaintiffs merely set out three abstract principles of law. None of the "points" set out any error committed by the trial court.

We have studied their brief, however, and find that the gist of their argument is that when Cox testified he never intended to claim Lot 10, and would not have asserted claim to any land that did not rightfully belong to him, he negatived any intention to hold adversely to the then owner of Lot 10.

Cox further testified, however, he had the property surveyed prior to the erection of the fence, and actually erected the fence within his own boundary line as reflected by the survey. The fence completely enclosed his back yard. He fenced the property for complete possession and took care of it. He had fruit trees, flowers, garden, swing, a sidewalk and steel wire clothesline thereon. The clothesline ran parallel to the fence. He erected the fence to establish his property rights and for control of all the area encompassed therein. The purpose of the fence was to assure ownership of all the land within the fenced area. He relied on a licensed surveyor to establish the proper line. He held it against the world as his property. Once he fenced it he claimed everything within the place. He had no knowledge of any error in the prior survey. He lived on the place until he sold it to defendants. There is no evidence that anyone ever questioned his ownership of the fence enclosed area.

The evidence is undisputed that defendants moved on Lot 11, took possession immediately upon purchasing it from Cox, and claimed all the land within the fenced area. No one questioned their right thereto until shortly before suit was filed by plaintiffs.

The evidence supports the conclusion of the trial court that defendants through themselves and Cox had open, adverse and notorious possession of all the land enclosed by the fence for more than ten years prior to the filing of the lawsuit and that the ten year statute of limitation had run on that part of Lot 10 enclosed by the fence.

In a similar situation the Supreme Court in Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453, stated: "It is true that Pearson, in his deposition taken before the trial, stated that he was not trying to take this land away from those who owned it; but at the trial itself Pearson testified that since 1925 he had never acknowledged that any other person than himself owned this land, and that since 1925 he had always claimed it for himself. The record in this condition presents a fact question. Stewart v. Luhning, 134 Tex. 23, 131 S.W.2d 824; O'Meara v. Williams, Tex.Civ.App., 137 S. W.2d 66."

In the instant case the testimony of Cox relied upon by plaintiffs, viewed in the light of all his testimony, at most, merely raised a fact issue as to whether he claimed the disputed strip adversely from the time

of the erection of the fence. Liles v. Sawyer, Tex.Civ.App., 257 S.W.2d 512; Pearson v. Doherty, supra; Pasha v. Schell, Tex.Civ.App., 229 S.W.2d 818, error ref.; Gleckler v. Denton, Tex.Civ.App., 149 S.W.2d 213, dismissed, correct judgment; 2 Tex. Jur.2d, pp. 188–191, §§ 90–91.

The trial court, on ample evidence of probative value, found that Cox did claim adversely from the time he took possession of the land in controversy.

Judgment affirmed.