James H. BUTLER, Appellant,

v.

L. H. (Bud) HANSON, Appellee.

No. 6175.

Court of Civil Appeals of Texas, El Paso.

July 7, 1971.

Rehearing Denied Aug. 4, 1971.

Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., Midland, for appellant.

Jones, Milstead, Burgess & Moore, Guilford L. Jones, Richard C. Milstead, Big Spring, for appellee.

OPINION

RAMSEY, Chief Justice.

This is an appeal from a judgment in a trespass to try title suit. James H. Butler is Plaintiff-Appellant, and L. H. (Bud) Hanson is Defendant-Appellee. We affirm.

Appellant initiated this action in the District Court of Glasscock County for title and possession to a 157.22 acre tract of land. Based on a jury verdict, the trial Court entered judgment for Appellee in 1966. Appellant perfected a former appeal to this Court wherein the trial Court was affirmed in an opinion reported in 432 S.W.2d 559 (1968). The Supreme Court granted a writ of error, and subsequently wrote its opinion reported in 455 S.W.2d 942 (1970). The Supreme Court issued its mandate on June 30, 1970, the pertinent parts providing:

"* * * it is, therefore, *adjudged, ordered,* and *decreed* that the judgments of the District Court and Court of Civil Appeals be, and hereby are, reversed and set aside, and that this cause be, and hereby is, remanded to the District Court with instructions to reform its judgment so as to exclude approximately 7.34 acres of land in the northwest corner of Section 3 which are outside of Hanson's fence, all in accordance with the opinion of this Court herein this day delivered.

"It is further ordered that petitioner, James H. Butler, and surety, (as named in the appeal bond filed in the District Court) pay all costs incurred and expended in this Court and Court of Civil Appeals, and that this decision, with a copy of the opinion, be certified to the District Court of Glasscock County, Texas, for observance."

"Wherefore we command you to observe the order of our said Supreme Court in this behalf, and in all things to have it duly recognized, obeyed and executed."

In accordance with the mandate above quoted, the trial Court undertook to comply as directed. Since the original proceedings did not describe the 7.34 acres, the trial Court obtained a metes and bounds description of the remaining 149.88 acre tract from a licensed surveyor and entered the judgment as instructed. The only additional proceedings in the trial Court were the filing of a motion for corrected judgment by Appellee, the judgment as entered, Appellant's motion for a new trial, and the neecssary appellate procedures following the entry of the corrected judgment. No further testimony was introduced or other pleadings filed.

The parties, pleadings, exhibits, and testimony now before this Court are identical as previously considered. Appellant presents twelve assignments of error. All of the points relate to matters either previously considered or to matters resulting from the trial Court's compliance with the mandate of the Supreme Court. No complaint is made as to any error committed by the trial Court in effectuating the directions of the mandate.

The gist of Appellant's complaints, which are quite convincing, are principally concerned with the Supreme Court's reasoning in Orsborn v. Deep Rock Oil Corporation, 153 Tex. 281, 267 S.W.2d 781, and McDonnold v. Weinacht, 465 S.W.2d 136 (Sup.Ct.1971) when applied to the facts in this case. The Appellant also complains of the taxing of costs against the Appellant contrary to Rule 802, Texas Rules of Civil Procedure with Rule 501, T.R.C.P. The additional complaint is presented of the action of the trial Court in carving out of the entire tract, a 149.88 acre tract in that there were no pleadings or jury findings relating to such a tract, which also leaves undetermined as far as the judicial proceedings are concerned, the title and possession of the 7.34 acre tract.

The Appellee contends in his counterpoints that the Supreme Court, having already considered the matters made the

basis of this appeal, this Court is thus bound by the "law of the case". We are of the opinion that the Appellee's contentions are well taken. Frankland v. Cassaday, 62 Tex. 418 (1884); Stare Decisis and Law of the Case, 21 T.L.R. 514. It is true that the Texas Courts have adopted a realistic approach in reconsidering any erroneous decisions, if there be error. Law of the Case—Erroneous Decision, 87 A.L.R. 2d 271. The matters presented by this appeal are cause for concern, yet, the trial Court as well as this Court, owing obedience to the Supreme Court, are constrained to abide by its opinion and mandate.

For this reason, the judgment of the trial Court is affirmed.