**Charles F. MYERS and Ruby Jean Myers, Appellants**

v.

**Michael W. WRIGHT and Renata K. Wright, Appellees.**

No. 05–05–01707–CV.

Court of Appeals of Texas, Dallas.

Feb. 1, 2007.

J. Don Gordon, Hynds & Gordon, P.C., Sherman, for appellants.

Barry Lynn Rubarts, Sherman, for appellees.

Before Justices FITZGERALD, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice FITZGERALD.

Michael W. Wright and Renata K. Wright sued Charles F. Myers and Ruby Jean Myers to remove a fence that encroached on the Wrights' property. The trial court granted summary judgment in favor of the Wrights and ordered the Myerses to remove the fence. The Myerses challenge the summary judgment in four issues, contending the evidence raises an issue of fact on their ten and twenty-five year adverse possession claims, and the fence was not a "casual" fence. For the reasons that follow, we affirm the trial court's order granting the Wrights' motion for summary judgment as to the Myerses' claims for "boundary by agreement" and for adverse possession pursuant to the three and five year statutes of limitation, and we reverse the order in all other respects and remand this case to the trial court for further proceedings.

In 1972, the Myerses bought a residential lot in Denison, Texas, which they did not survey. A barbed wire fence separated the Myerses' lot from Carter Kent Boyett's lot adjacent to the east. In 1978, the Myerses removed the barbed wire and replaced it with a chain link fence. They built a home on the lot in 1986, after which they maintained the property enclosed by the fence as part of their yard. In September 1999, a survey found that the chain link fence encroached on Boyett's lot. In September 2000, Boyett told Mr. Myers about the encroachment. The Wrights bought Boyett's lot on January 22, 2001.

On September 2, 2004, the Wrights made a written demand on the Myerses for removal of the fence pursuant to civil practice and remedies code section 16.034, and then sued the Myerses alleging a claim for encroachment and requesting a permanent injunction requiring the Myerses to remove the fence. The Myerses answered and asserted as a counterclaim that they owned title to the strip enclosed by the fence by adverse possession pursuant to the three, five, ten, and twenty-five year statutes of limitation. The Myerses also counterclaimed for "common boundary line ... by agreement or by acquiescence" and pleaded the "Doctrine of Agreed Common Boundary Line." The Wrights filed an answer, raising the affirmative defenses of estoppel by deed and waiver; they also pleaded there was no agreement and the fence was merely a convenience fence.

The Wrights moved for summary judgment, supported by Mr. Myers's deposition. They asserted they were entitled to summary judgment on the Myerses' claims for adverse possession pursuant to the three and five year statutes of limitation, and they argued that, as to the ten and twenty-five year limitation periods, the Myerses did not begin to hold the property enclosed by the fence adversely until 2000, when they learned its "true ownership" and refused to surrender possession. They also argued that the fence was a casual fence because the Myerses did not know who erected the original barbed wire fence and when or why it was erected, and, therefore, the fence did not constitute notice of hostile possession. In addition, the Wrights asserted there was no evidence of uncertainty as to the true boundary line in the claim for a boundary by agreement.

The Myerses responded, supported by Mr. Myers's affidavit. Relying primarily on *Calfee v. Duke*, 544 S.W.2d 640 (Tex. 1976), they argued that lack of knowledge that one does not already own property does not defeat a claim of adverse possession. They also argued that their claim of ownership was open, obvious, and notorious, as shown by their replacement of the barbed wire fence with the chain link fence

and maintenance and use of the property as part of their yard.

■ However, in their response to the motion for summary judgment, the Myerses failed to produce any evidence as to the uncertainty element of their claim for "boundary by agreement" challenged on no-evidence grounds. Nor do they raise any issue on appeal as to their claim for an agreed common boundary line. We conclude they have waived this claim. *See* TEX.R. CIV. P. 166a(i) & cmt. (no evidence motion shifts burden to nonmovant to point out evidence raising fact issue on challenged element). In addition, the Myerses do not bring forward any issue as to their claim for adverse possession pursuant to the three and five year statutes of limitation. Accordingly, we conclude they have waived these claims. *See* TEX.R.APP. P. 38.1 (adequate briefing requires "issues or points presented for review" and argument).

The trial court granted the Wrights' summary judgment motion. This appeal followed.

A traditional summary judgment may be granted if the motion and summary judgment evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or response. TEX.R. CIV. P. 166a(c). We review a summary judgment *de novo*, taking all evidence favorable to the nonmovant as true and resolving every doubt, and indulging every reasonable inference, in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005).

■ Adverse possession means "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." *See* TEX. CIV. PRAC. & REM.CODE ANN.

§ 16.021(1) (Vernon 2002). " 'Claim of right' ... means that the entry of the claimant must be with the intent to claim the land as his own, to hold it for himself and such must continue to be the nature of his possession." *Boyle v. Burk*, 749 S.W.2d 264, 266 (Tex.App.-Fort Worth 1988, writ denied); *see Tran v. Macha*, 50 Tex. Sup.Ct. J. 186, 187, 213 S.W.3d 913, 915 (Tex.2006) (per curiam) ("[T]here must be an intention to claim property as one's own to the exclusion of all others...."). "[C]oupled with his actual and visible possession and use, the adverse claim and possession satisfy the statutory requirements and cannot be defeated by [the claimant's] lack of knowledge of the deficiency of his record title or by the absence of a realization that there could be other claimants for the land." *Calfee*, 544 S.W.2d at 642.

■ Actual and visible possession can be established by a "designedly enclosed" fence, but not by a casual fence. *See Orsborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 288–90, 267 S.W.2d 781, 785–88 (1954); *W. Prod. Co. v. Kahanek*, 132 Tex. 153, 158, 121 S.W.2d 328, 331 (1938). "Where the fence existed prior to the claimant's possession of the land and the claimant fails to demonstrate the purpose for which the fence was erected, the fence is a casual fence." *Mohnke v. Greenwood*, 915 S.W.2d 585, 593 (Tex.App.-Houston [14th Dist.] 1996, no writ). However, a claimant may substantially modify a casual fence and so change its character that the fenced-in area becomes a designed enclosure. *Rhodes v. Cahill*, 802 S.W.2d 643, 646 (Tex.1990); *McAllister v. Samuels*, 857 S.W.2d 768, 777 (Tex.App.-Houston [14th Dist.] 1993, no writ); *Butler v. Hanson*, 432 S.W.2d 559, 563–64 (Tex.Civ.App.-El Paso 1968), *rev'd on other grounds*, 455 S.W.2d 942 (Tex.1970).

■ In his affidavit, Myers testified that he and his wife erected the chain link fence

to "separate and segregate our yard from the property on the east and to clearly mark the boundary of the land which we claimed and considered to be ours." He also testified that all the property within the chain link fence was "maintained, used[,] and occupied in the same manner as the rest of our yard ... [including] mowing, fertilizing, landscaping and installation of plants and shrubs" and "such that all other persons have been excluded from using or enjoying the same to any extent." This evidence raises a fact issue pursuant to *Calfee*, 544 S.W.2d at 642, as to the Myerses' intent to claim the property as their own to the exclusion of others, notwithstanding their lack of knowledge of record title to the property in the adjoining landowner.

In addition, Myers's affidavit testimony that he replaced the barbed wire fence with a chain link fence raises a fact issue whether the Myerses substantially modified the fence so as to change its character that it was no longer a casual fence. *See, e.g., Butler*, 432 S.W.2d at 562–63.

Having concluded the Myerses produced evidence raising fact issues on their intention to hold the disputed property adversely and notice of hostile possession, we resolve the Myerses' four issues regarding their claims pursuant to the ten and twenty-five year statutes of limitation in their favor. Accordingly, we affirm the trial court's order granting summary judgment on the Myerses' claims for "boundary by agreement" and adverse possession pursuant to the three and five year statutes of limitation, and we reverse the trial court's order in all other respects and remand this case to the trial court for further proceedings.